## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| Lillie Mae Coleman,<br>Mother of the Decedent,<br>Debbie Roper<br><br>    Plaintiff,<br><br>    v.<br><br>NISSAN NORTH AMERICA;<br>XYZ CORP 1-10 AND JOHN<br>DOES 1-10<br><br>    Defendants. | Civil Action No. 3:19-cv-533-CWR-FKB<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, the Plaintiff, Lilian Coleman, by and through counsel, and files this her claims against Nissan North America, XYZ Corp 1-10 and John Does (1-10), on behalf the decedent, Debbie Roper, and would show unto the Honorable Court as follows:

### THE PARTIES

1. Plaintiff, Lilian Coleman, is a citizen of Hinds, County and mother of the decedent Debbie Ann Roper.

2. The Defendant, Nissan North America is a foreign business corporation licensed to do business, and doing business, in the state of Mississippi, which may be served process upon its registered agent, CSC of Rankin County Inc., Mirror Lake Plaza, 2829 Lakeland Drive, suite 1502, Flowood, Mississippi 39232.

3. XYZ Corp 1-10 are fictitious corporate Parties whose true names and

capacities, whether individual, corporate, associate, or otherwise, are unknown to the Plaintiff, and therefore who are sued by such fictitious names. The Plaintiff alleges that the fictitious Defendant (s) owned, and/or controlled or contributed to the premises on which the incidents alleged herein took place, and/or were employed by Nissan North America, and/or caused or contributed to the incidents giving rise to this Complaint and upon information and belief are not citizens of Mississippi for diversity purposes.

4. John Does 1-10 are fictitious parties whose true names and capacities, whether individual, corporate, associate, or otherwise, are unknown to the Plaintiff, and therefore who are sued by such fictitious names. The Plaintiff alleges that the fictitious Defendant (s) owned and/or controlled or contributed to the premises on which the incidents alleged herein took place, and/or were employed by Nissan North America, and/or caused or contributed to the incidents giving rise to this Complaint and upon information and belief are not citizens of Mississippi for diversity purposes.

## VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction over this Action under 28 U.S.C. §1332. Plaintiff is a citizen of Mississippi and Defendant's headquarters is located in Franklin, TN. Plaintiff seeks damages in excess of $75,000.00, exclusive of interests and costs.

6. Venue is proper on all Defendants pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this Action occurred in this judicial district.

7. The Defendants are subject to personal jurisdiction because they are

engaged in substantial and not isolated activities within this State and such jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment.

## FACTS

8.  Plaintiff incorporates by reference, as set forth herein, the allegations set forth in each preceding paragraph and further alleges as follows:

9.  Plaintiff was employed as a technician in Nissan's paint division. Defendants were aware that she and others similarly situated would be exposed to dangerous gases, such as formaldehyde throughout her tenure which spanned 2003 until 2017. Despite the Defendant's knowledge that Plaintiffs were exposed to dangerous gases, Plaintiff was not provided a respirator, adequately warned or provided other adequate personal protective equipment. In fact, throughout her tenure, Nissan utilized safety engineers including, one such safety engineer, "Beth", who represented to the decedent and others that worked in the unit that it did not contain harmful toxins when this was untrue and Defendant still maintains this position though it is untrue. As such, Defendants disguised the true exposure of Plaintiff's to harmful chemicals despite Plaintiff's efforts to discovery her injury which led to her death. However, Nissan was always aware of information regarding its gas emissions and their harmful nature and effects but failed to disclose this information to Plaintiff and even actively misled Plaintiff regarding the same. In essence, Defendant (Nissan) actively deceived Plaintiff and intended these misrepresentations be acted upon by Plaintiff and Plaintiff relied on these representations which caused injuries including but not limited to physical and mental damage and death.

10. As a direct result of Plaintiff's injuries suffered at Defendants' facility, Plaintiff died on July 31, 2017.

## WRONGFUL DEATH STATUTE

11. Based on the foregoing allegations, Plaintiff demands all damages recoverable against Nissan and any of other defendant under the "Mississippi Wrongful Death Act," Mississippi Code § 11-7-13, for the injuries inflicted upon Plaintiff, including but not limited to, loss of support, loss of society, past and future mental pain and suffering, past and future loss of services, past and future loss of earnings, medical and funeral expenses, any and all damages recoverable individually to Plaintiff, as a surviving parent, and for any such further relief this Court deems just and proper.

## BATTERY

12. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Defendant intended to cause a harmful or offensive contact to the Plaintiff by continually exposing the Plaintiff to formaldehyde gas emissions under circumstances which were known to the Defendant as being harmful to Plaintiff but not known to Mrs. Roper before she deceased. This contact caused Mrs. Roper to suffer an untimely death.

## PUNITIVE DAMAGES

13. Plaintiff also seeks exemplary or punitive damages arising from the aforementioned conduct.

Respectfully submitted this the 30th day of July, 2019.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for damages against Defendants in an amount to be determined by the Court and jury for all their damages, including the aforementioned damages, attorneys' fees, pre-judgment and post-judgment interest, exemplary or punitive damages, costs of court in an amount to be determined by the jury at the trial of this civil action and for such other and further relief, both general and specific, at law or in equity to which the Plaintiff may show himself justly entitled.

<u>/s Volney Brand</u>
Volney Brand
Brand Law PLLC
3626 N Hall Ste 610
Dallas, Tx 75219
Telephone: 214-932-1472
Fax: 214-932-1473
(Full admission to be filed)