IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LILLIE MAE COLEMAN, MOTHER OF THE DECEDENT, DEBBIE ROPER; J.P. ROPER, HUSBAND OF THE DECEDENT | PLAINTIFFS |
| V. | CAUSE NO. 3:19-CV-533-CWR-FKB |
| NISSAN NORTH AMERICA; XYZ CORP. 1-10 AND JOHN DOES 1-10 | DEFENDANTS |

### ORDER

Before the Court is a motion to dismiss filed by Defendant Nissan North America (NNA). The motion is fully briefed and ready for adjudication. On review, the motion will be granted.

**I.     Factual and Procedural History**

In this wrongful death action, the Plaintiffs allege that Debbie Roper, the decedent in this case, was employed as a technician in NNA's paint department from 2003 until 2017. During that time, the Plaintiffs, Roper's mother and husband, allege that Roper was exposed to dangerous gases—including formaldehyde—which had the potential to cause her death. They say Roper failed various breathing tests conducted by the company, was not properly warned about the levels of gas in the work area, and was not provided a respirator or adequate protective gear even when NNA knew of the dangerous gases. The Plaintiffs further allege that Roper relied on representations by NNA and its safety engineers, including one safety engineer the Plaintiffs identify as Beth, who never informed Roper of any harmful levels of gases in the paint department. Among the many representations made by the safety engineers, one was that there was not a dangerous amount of toxins within the department where Roper and her colleagues worked.

1

The complaint does not state when Roper became ill with a rare form of cancer, but she became progressively more ill over time. It explains that Roper sought medical treatment up until her death in July 2017 to determine the cause of her illness, but no connection was found between her employment at NNA and her cancer. The Plaintiffs allege that this is in part due to NNA's misrepresentations of safety to Roper, including concealment of the actual toxicity present.

When Roper passed away in July of 2017, the Plaintiffs began attempting to identify Roper's cause of death. As a part of their investigation, the Plaintiffs began to question whether NNA was involved in the cause of death, so they revisited Roper's previous complaints. The Plaintiffs also explored whether former and current employees of NNA who also worked under the same misrepresentations were falling similarly ill.

The Plaintiffs allege that in July of 2019, two years after Roper's death, they learned about NNA's involvement in the deaths of multiple employees of the paint department who had also suffered from toxic exposure. In particular, the Plaintiffs claim that a former NNA safety employee told them that safety engineers at NNA misrepresented to employees the safety conditions of the paint department, including the levels of toxic gases, to comply with the Occupational Safety and Health Administration's requirements. The Plaintiffs also allege that NNA intentionally failed to properly warn employees in order to induce them to continue working. Moreover, NNA ignored complaints from employees who claimed their serious illnesses were a result of toxic exposure on the job. The Plaintiffs contend that it was not until July 2019 when they first learned that the chemical injuries Roper incurred at NNA were the cause of her rare cancer.

The Plaintiffs filed the instant lawsuit on July 30, 2019, and later amended it in October of 2019. The First Amended Complaint is the operative complaint. In it, the Plaintiffs bring a

wrongful death claim arising from the underlying intentional tort of battery.[1] The present motion followed.

## II.     Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (citation omitted). The factual allegations need not be detailed but must be plausible on their face. *Id.* at 678. Plausibility means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

If after accepting the veracity of the factual allegations, a court does not find that those allegations plausibly give rise to an entitlement to relief, the complaint cannot survive the Rule 12(b)(6) motion. *Id*. at 679 (quotation marks and citation omitted).

Because this case is before the Court through diversity jurisdiction, the Court must apply Mississippi state law as interpreted by the Mississippi Supreme Court. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Transcon. Gas Pipe Line Corp. v. Transp. Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992).

---

[1] The Mississippi Supreme Court has adopted the Restatement (Second) of Torts' definition of battery:

> An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results.

*Webb v. Jackson*, 583 So. 2d 946, 951 (Miss. 1991).

**III.     Discussion**

NNA's motion to dismiss asserts several grounds for dismissal. After examining the Plaintiffs' amended complaint, this Court need only address NNA's argument for dismissal based on the running of the one-year statute of limitations for the Plaintiffs' battery claim.

**A.     Substantive Law**

In a wrongful death case, the statute of limitations is that of the underlying tort that resulted in the wrongful death. *Thiroux ex rel. Cruz v. Austin ex rel. Arceneaux*, 749 So. 2d 1040, 1042 (Miss. 1999). Battery has a one-year limitations period. Miss. Code Ann. § 15-1-35. For a wrongful death suit, the limitations period begins to run, at the earliest, at the date of death. *Saul ex rel. Heirs of Cook v. S. Cent. Reg'l Med. Ctr., Inc.*, 25 So. 3d 1037, 1040 (Miss. 2010).

When a defendant raises the statute of limitations as a defense and seeks dismissal under Rule 12(b)(6), a court may grant the motion when first, "it is evident from the pleadings that the action is time-barred" and second, "the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014); *see also Tanner v. Pfizer, Inc.*, No. 1:15-CV-75-HSO-JCG, 2015 WL 6133207, at *2 (S.D. Miss. Oct. 19, 2015).

**B.     Analysis**

The first question is whether it is apparent from the pleadings that the Plaintiffs' wrongful death claim is time-barred. *Taylor*, 744 F.3d at 946.

The Plaintiffs' amended complaint states that Roper passed away in July 2017. The one-year statute of limitations would ordinarily have begun to run that month and have lapsed in July 2018. *Saul*, 25 So. 3d at 1040. This suit was filed on July 30, 2019, one year after the passing of the statute of limitation. On its face, the Plaintiffs' amended complaint fails to demonstrate why this claim is not barred by the one-year statute of limitations.

4

The inquiry does not end there, however. Step two asks whether the pleadings raise some basis for tolling the statute of limitations. *Taylor*, 744 F.3d at 946. And here, the Plaintiffs assert that the factual allegations in their complaint sufficiently invoke the doctrine of fraudulent concealment.

Under Mississippi law, fraudulent concealment of a cause of action is a basis for tolling the statute of limitations. Miss. Code Ann. § 15-1-67; *Robinson v. Cobb*, 763 So. 2d 883, 887 (Miss. 2000). In order to successfully claim this as a basis for tolling, the Plaintiffs carry the burden of showing that "(1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on their part to discover it." *Stephens v. Equitable Life Assur. Soc'y of U.S.*, 850 So. 2d 78, 84 (Miss. 2003). The complaint must state these allegations with specificity and particularity. *State Indus., Inc. v. Hodges*, 919 So. 2d 943, 946 (Miss. 2006).

The amended complaint states that following Roper's death in July 2017, the Plaintiffs began investigating the cause of her death. They say they (1) attempted to discover the cause of Roper's illness, (2) questioned whether NNA had any involvement, (3) revisited Roper's previous complaints, and (4) began to question whether current or former employees had been similarly impacted. The Plaintiffs allege that it was not until two years later, in July 2019, that they discovered that (1) several former employees of NNA had also died and suffered from toxic exposure, (2) NNA used its safety engineers to misrepresent the levels of gases in the air, (3) NNA ignored previous complaints of illness, and (4) Roper's cause of death was associated with chemical exposure.

The Plaintiffs' investigation began in July 2017 following Roper's death, but more information is needed on how NNA's concealment caused a two-year lapse between Roper's death and discovery of the cause of her death. The Plaintiffs mention NNA's continued concealment to

its *employees*; however, the pleading standard for fraudulent concealment requires more particularity about how NNA frustrated the *Plaintiffs'* specific efforts to discover the cause of action. This Court recognizes that Plaintiffs attempted to invoke the doctrine of fraudulent concealment in its First Amended Complaint, but, as currently pled, a gap remains, and it does not reach the heightened standard. What is not sufficiently alleged are the actions Plaintiffs took during the months prior to July 2018—prior to the expiration of the statute of limitations—and the actions that NNA allegedly took to keep information from the Plaintiffs up until July 2019, when, they "eventually . . . learned that Nissan was involved in the deaths of multiple employees" after Coleman's passing.

A "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, n.6 (5th Cir. 2000) (citation omitted). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable." *Id.* (citation omitted); *see also Rutherford v. Hunt Southern Group, LLC*, No. 1:18-CV-394-LG-RHW, 2019 WL 1460917, at *2 (S.D. Miss. Apr. 2, 2019); *Travelers Casualty and Surety Company of America v. Dirtworks, Inc. of Vicksburg*, No. 3:17-CV-897-LG-LRA, 2019 WL 191652, at *3 (S.D. Miss. Jan. 14, 2019); *Nat'l Corporate Tax Credit Fund VII v. Bushing,* No. 3:04-CV-559-B-N, 2006 WL 13236, at *2 (S.D. Miss. Jan. 3, 2006) (granting leave to amend instead of dismissal where plaintiff failed to plead fraud with specificity); *Perkins v. Centennial Healthcare Corp.*, No. 3:09-CV-588-WHB-LRA, 2010 WL 4617147, at *4 (S.D. Miss. Nov. 4, 2010); *see also Morgan v. Chapman*, --- F.3d ---, 2020 WL 4558964, at *9 (5th Cir. Aug. 7, 2020) (remanding to district court to determine whether plaintiff should be allowed to amend complaint for a *third* time).

The Court believes that this defect is curable. As such, the Court is not prepared to dismiss this case with prejudice. Therefore, it will give the Plaintiffs an opportunity to file a Second Amended Complaint.[2]

## IV. Conclusion

The defendant's motion to dismiss the First Amended Complaint is granted. The Plaintiffs have 30 days[3] from entry of this Order to file a Second Amended Complaint that complies with the heightened pleading standard associated with the doctrine of fraudulent concealment.

**SO ORDERED**, this the 2nd day of September, 2020.

/s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] Since the Court will allow the Plaintiffs to amend their complaint, the Court agrees with the Defendant that her mother has no right to bring this wrongful death lawsuit. Her husband has brought this action so her mother may not be included as a party in the amended complaint. *See* Miss. Code Ann. § 11-7-13.

[3] The Court is giving the Plaintiffs more than sufficient time to file the amended complaint because they have obtained new counsel since the operative pleadings have been filed.